UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JOHN STEVENS,

    Plaintiff,

v.

PATRICK ROBINSON, *et al.*,

    Defendants.

No. 6:23-CV-40-REW

MEMORANDUM OPINION
AND ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff John Stevens is currently confined at the Clay County Detention Center located in Manchester, Kentucky. Proceeding without an attorney, Stevens has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Clay County Sheriff Patrick Robinson, Deputy Sheriff Trent Baker, Clay County Circuit Judge Oscar Gayle House, and Clay County Assistant Commonwealth's Attorney Harold Douglas Rader. *See* DE 1 (Complaint).

**I.    Background**

In his Complaint, Stevens alleges that on or about August 20, 2021, he was arrested by Deputy Trent Baker and charged with second-degree burglary and "theft by unlawful taking." *See* DE 1 at 2. According to Stevens, Deputy Baker testified to the Grand Jury that Stevens broke into Brandi Curry's house and stole three cell phones and a laptop. *See id.* However, Stevens claims that Deputy Baker's testimony was contradicted by Curry's testimony that Stevens did not break into her house or steal anything from her, but instead, tore up a bicycle tire in her driveway. *See id.* Stevens also alleges that Rader "pushed through" an indictment charging Stevens with burglary, even though Deputy Baker never saw Stevens near Curry's house, and arrested Stevens

1

as he was walking down the road. *See id.* Stevens states that, rather than Curry, the email addresses on the allegedly stolen phone belonged to Stevens, his mom, and another individual. *See id*. at 3.

Stevens further alleges that Sheriff Robinson "has a long history of allowing his men to perjure themselves before both courts and grand juries even when the alleged victims testify otherwise." *See id.* at 2–3. Stevens also claims that Rader "consistently ignores victim testimony." *See id.* at 3. Stevens alleges that the bond set by Judge House violated his Eighth Amendment rights and claims that there is "a system of corruption and abuse" in Clay County. *See id*. Finally, Stevens alleges that "[a]t no time did deputies ask to search me and then tased me even though I was not resisting," which he claims is "police brutality." *Id*.

Based upon these allegations, Stevens seeks to sue Sheriff Robinson, Deputy Baker, Judge House, and Rader for allegedly violating his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. *See* DE 1 at 4. As relief, he seeks amendment of his criminal charges to reflect that he tore up a bicycle tire, and monetary damages in the amount of $10 million for "police brutality, prosecutorial misconduct, and for the Judge violating [his] VI, VIII, and XIV Amendment rights and for the cops violating [his] IV and XIV Amendment rights." *Id*. at 8.

A review of Kentucky Court of Justice records shows that in April 2022, Stevens was charged in Clay County Circuit Court with one count of second-degree burglary in violation of KRS § 511.030, two counts of theft by "unlawful taking or disposition" in violation of KRS § 514.030, and one count of attempted second-degree burglary in violation of KRS § 511.030. *See Commonwealth v. John Stevens*, No. 22-CR-00032 (Clay Cnty. Cir. Ct. 2022).[1] After the

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. The Court may take judicial notice of undisputed information contained on government websites, *see Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009),

Commonwealth made an offer on a guilty plea, Stevens pleaded guilty to the burglary charges on May 30, 2023, and Judgment was entered on July 31, 2023. *Id.*

## II. Standard

By separate order, the Court has granted Stevens's motion to proceed without prepayment of the filing fee. *See* DE 8 (Order Granting IFP). Thus, the Court must conduct a preliminary review of Stevens's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 127 S. Ct. 910 (2007). Stevens's Complaint is evaluated under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). At this stage, the Court accepts the plaintiff's well-pleaded factual allegations as true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. Analysis

After thoroughly reviewing Stevens's Complaint, the Court must dismiss it on initial screening for multiple reasons.

First, to the extent that Stevens seeks relief from his conviction (including amendment of the charges against him), Stevens may not use a civil action filed pursuant to 42 U.S.C. § 1983 to directly or indirectly undermine or impugn the validity of his criminal prosecution. Rather, Stevens's sole federal remedy is to file a petition for a writ of habeas corpus. *See Preiser v.*

---

including "proceedings in other courts of record," *see Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (citations and quotation marks omitted).

*Rodriguez*, 93 S. Ct. 1827, 1841 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). A writ has multiple procedural predicates, none of which Plaintiff here purports to have met.

### A.     Claims Against Judge House and Rader

Next, Stevens may not recover the monetary relief he seeks against Judge House or Rader. While Stevens does not indicate whether he sues Judge House or Rader in their official or individual capacities, his claims are barred either way. An "official capacity" claim against a government official is construed as a claim directly against the governmental agency employing that official. *See Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (citations and quotation marks omitted). Thus, claims against Judge House and Rader in their "official" capacities are construed as claims against the Judicial Branch of the Commonwealth of Kentucky and the Commonwealth's Attorney's Office, respectively.

However, the Eleventh Amendment specifically prohibits federal courts from exercising subject-matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 113 S. Ct. 684, 687–88 (1993); *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018). Nor are such entities suable "persons" within the meaning of 42 U.S.C. § 1983. *See Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927

4

F. 3d 396, 417 n.11 (6th Cir. 2019); *see also Will v. Mich. Dept. of State Police*, 109 S. Ct. 2304, 2308–2310, 2312 (1989).

The Commonwealth of Kentucky itself is plainly entitled to immunity. In addition, the Commonwealth's Attorney's Office qualifies as an "arm of the state" for Eleventh Amendment purposes. *See Joseph v. Office of Perry Cnty. Commonwealth Attorney*, Civil Action No. 6:14-97-KKC, 2014 WL 2742796, at *2 (E.D. Ky. June 16, 2014) ("The Commonwealth's Attorney's office, which is a constitutionally-established office of the state government, is without question an integral extension of the state such that suit against the office may be legitimately classified as brought against the Commonwealth.") (quotation marks omitted). Thus, Stevens may not pursue § 1983 claims seeking monetary damages against the Commonwealth directly or against Judge House or Rader in their official capacities.

Stevens's claims fare no better if construed as claims against Judge House and Rader in their individual capacities. Judges have long been entitled to absolute judicial immunity from claims arising out of their performance of functions integral to the judicial process. *See Pierson v. Ray*, 87 S. Ct. 1213, 1217–18 (1967). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and, accordingly, is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 112 S. Ct. 286, 288 (1991). Similarly, prosecutors enjoy absolute immunity from any action that is central to the judicial proceeding against a defendant. *See Van de Kamp v. Goldstein*, 129 S. Ct. 855, 861 (2009); *Adams v. Hanson*, 656 F. 3d 397, 401–03 (6th Cir. 2011).

Without question, Judge House's determination of the amount of Stevens's bond falls squarely within his role as a Circuit Judge. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir.

5

2012) ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.") (quoting *Stump v. Sparkman*, 98 S. Ct. 1099, 1107 (1978)). Thus, judicial immunity bars Stevens's claims against Judge House. Rader also has absolute prosecutorial immunity in pursuing an indictment against Stevens. *See Buckley v. Fitzsimmons*, 113 S. Ct. 2606, 2613 ("[A] state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution[.]"). Therefore, Stevens's claims against Rader are likewise barred.

> B.    **Claims Against Sherriff Robinson and Deputy Baker**

As for Stevens's claims related to Deputy Baker's allegedly perjured grand jury testimony and Sheriff Robinson's role in "allowing his men to perjure themselves," these claims challenge the validity of Stevens's underlying conviction and sentence. Accordingly, *Heck v. Humphrey*, 114 S. Ct. 2364 (1994) precludes these claims.

> In *Heck*, the Supreme Court held:
>
> > [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 2372 (emphasis in original); *see also McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). Stevens's claims of perjured grand jury testimony necessarily call into question the validity of his conviction and sentence since the underlying indictment was based, at least in part, on testimony given to the grand jury. Stevens has not shown that his conviction and sentence have been

6

invalidated, either on appeal or in a habeas corpus proceeding.[2] For these reasons, Stevens's claims must be dismissed without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F. 3d 764, 767 (6th Cir. 2015) ("When courts dismiss claims under *Heck*, they typically do so *without prejudice*."); *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) (emphasis in original).

Stevens's remaining claim is his "police brutality" claim based on allegations that law enforcement tased him even though he was not resisting arrest. *See* DE 1 at 3. The Court must dismiss this claim as untimely.

Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a), applies to civil rights claims asserted under 42 U.S.C. § 1983. *See Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Thus, a § 1983 claim alleging a violation of constitutional law must be commenced within one year after the cause of action accrues. *See* Ky. Rev. Stat. § 413.140(1)(a). Although the applicable statute of limitations is determined by state law, "[t]he date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citation omitted); *see also Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (emphasis in original). Under federal law, a cause of action accrues when the plaintiff becomes aware of the injury that forms the basis of his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393–94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (citation and quotation marks omitted). More specifically, "[a] § 1983 claim for excessive force in effectuating an arrest accrues at the time of

---

[2] The Kentucky Court of Appeals and Kentucky Supreme Court's online records do not reflect that Stevens has filed an appeal of his conviction. *See* Kentucky Court of Justice, C-Track Public Access, https://appellatepublic.kycourts.net (last visited Dec. 26, 2023).

arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007), *abrogated on other grounds by Pearson v. Callahan*, 129 S. Ct. 808 (2009).

"Where the operative facts are not in dispute, [the C]ourt determines as a matter of law whether the statute of limitations has expired." *Highland Park Ass'n of Bus. & Enters. v. Abramson*, 91 F.3d 143 (Table), 1996 WL 382252, at *3 (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)). Stevens was aware of any injuries arising from the alleged excessive force when that force was applied—here, the date of his arrest. Thus, Stevens's excessive force claim accrued (and the statute of limitations began to run) on the date of his arrest, which his Complaint alleges was August 20, 2021. *See* DE 1 at 2–3. However, Stevens did not file his Complaint until March 13, 2023, over six months after the one-year statute of limitations expired in August 2022.[3] Accordingly, Stevens's claims are time-barred. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *See Jones v. Bock*, 127 S. Ct. 910, 920–21 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (citations omitted). Thus, Stevens's excessive force claim related to his arrest will be dismissed.

---

[3] Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 108 S. Ct. 2379 (1988) to civil matters). Ordinarily, the Court presumes that this occurs on the date the complaint is signed. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Stevens signed his complaint on March 13, 2023. *See* DE 1 at 8.

### IV.  Conclusion

For all of the foregoing reasons, Stevens's Complaint will be dismissed on initial screening. While the Court dismisses any claims barred by *Heck* without prejudice, the remainder of his claims are dismissed with prejudice.

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff John Stevens's claims against Sheriff Robinson and Deputy Baker related to allegations of perjury are **DISMISSED WITHOUT PREJUDICE**;
2. The remainder of Plaintiff's claims are **DISMISSED WITH PREJUDICE**;
3. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and
4. The Court will enter a corresponding Judgment contemporaneously with this Opinion and Order.

This 28th day of December, 2023.

Signed By:
*Robert E. Wier*   REW
United States District Judge